CARTER-CRUME CO. et al. v. WATSON et al.

(Circuit Court, N. D. New York. June 26, 1895.)

No. 6,336.

1. PRELIMINARY INJUNCTION IN PATENT SUITS—ESTOPPEL.

In an infringement suit against small dealers who purchased the alleged infringing goods from a corporation, it appeared that the patentee of the patent sued on was a member of that corporation, and that the goods sold by the corporation were made under a subsequent patent, which was alleged to cover the device of complainant's patent, with an added feature. *Held*, that if any estoppel arose from these facts, against defendants, it was not so clear as to justify the court in issuing a preliminary injunction on that ground alone.

2. SAME—CHECK BOOKS.

A preliminary injunction against alleged infringement of the Rodden patent, No. 503,914, for a counter check book denied.

This was a suit by the Carter-Crume Company and others against George F. Watson and others for infringement of a patent for a counter check book. Complainants moved for a preliminary injunction.

C. H. Duell, for complainants.

George B. Selden, for defendants.

COXE, District Judge. The patent upon which this action is based, No. 503,914, is not two years old. It has never been adjudicated and there is no public acquiescence. Infringement is disputed. The defendants are small dealers who purchased the books in controversy from the American Counter Check Book Company, a corporation organized under the laws of West Virginia. The principal reliance of the complainants is an alleged estoppel based upon the fact that William H. Rodden, the patentee of complainants' patent, is a director in the West Virginia Company, and that the books sold to defendants are said to be made under a subsequent patent to Rodden which shows the device of the complainants' patent with an added feature. In other words, the contention is that because

Rodden cannot dispute the validity of the patent owned by the complainants, the West Virginia Company and the defendants, who purchased from that company, are also estopped. No authority is cited which carries the doctrine of estoppel quite to this extent. It is enough, however, to say that the estoppel relied on is not so absolutely clear as to justify the court in making it the sole support of a preliminary injunction. Motion denied.